## LOW v. BUTTNER.

(Supreme Court, Appellate Division, First Department. June 28, 1912.)

COVENANTS (§ 114*)—ACTIONS FOR BREACH—COMPLAINT—SUFFICIENCY.

A complaint alleging that defendant's testatrix owned certain premises conveyed to her by H., that she conveyed "said premises" by a deed containing a covenant that she would execute any further necessary assurance of title, that by a change in the description, and by error or omission, all the premises in the deed from H. to her were not conveyed by her deed, and that she had been requested to execute further assurances of title, does not state a cause of action, without any allegation that defendant's testatrix agreed to, intended to, or that the parties understood that she in fact did, convey all the premises conveyed to her by H.; the allegation that she conveyed "said premises" being negatived by the allegation that all of such premises were not conveyed by the deed.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 189–202, 263; Dec. Dig. § 114.*]

Appeal from Special Term, New York County.

Action by Walter C. Low, as trustee of the Katonah Construction Company, against Henry E. L. Buttner, as executor of the estate of Christina Fischer. From an order granting judgment for plaintiff on the pleadings, defendant appeals. Reversed, and motion for judgment denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Robert S. Patterson, of New York City, for appellant.
C. L. Apfel, of New York City, for respondent.

MILLER, J. It is urged that the answer is frivolous for denying knowledge or information sufficient to form a belief as to matters of public record. Even if that contention were otherwise well founded, it cannot prevail in this case, for the reason that some of the facts which the defendant thus attempted to put in issue are not matters of public record.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

But the motion should have been denied for still' another, and equally conclusive, reason; i. e., that the complaint fails to state a cause of action. The action is brought by a trustee in bankruptcy against an executor. It is averred: That the defendant's testatrix was the owner of certain described premises, which were conveyed to her by one Mary Heinzelman. That she conveyed said premises to Meyer Loeb and Simon Loeb by deed containing a description which is quoted. That said deed contained the following covenants:

"(1) That the said Christina Fischer will forever warrant the title to said premises. (2) That the party of the first part will execute or procure any further necessary assurance of the title to said premises."

"That by a change in the description of the said premises, and by error or omission, all the premises mentioned in said deed from Mary Heinzelman to Christina Fischer were not conveyed in the deed from Christina Fischer to Meyer Loeb and Simon Loeb." That "said Meyer Loeb and Simon Loeb, together with Carrie Loeb and Fannie Loeb," afterwards conveyed the said premises to one Louis Miller, who, "together with Helen R. Miller," conveyed them to the bankrupt. That during the lifetime of the defendant's testatrix a demand was made upon her that she "execute or procure further necessary assurances of title to said premises," and that after her death a like demand was made upon the defendant.

There is no averment in the complaint tending to show that the defendant's testatrix agreed to, intended to, or that the parties understood that she in fact did, convey all of the premises conveyed to her by Mary Heinzelman. One averment of the complaint is that she conveyed the said premises, and that is negatived by an averment that by a change in the description, and by error or omission, all of said premises was not conveyed. But something more than that is required to state a cause of action. For aught that appears, the said covenants relate exclusively to the premises specifically described in the deed from her to Loeb.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.